IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

RONNIE MILLER,
ADC #121073                                                                                              PLAINTIFF

Case Number: 3:07CV00170JMM/HLJ

GERALD BISHOP                                                                                        DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at

1

the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

This matter is before the Court on defendant's motion to dismiss (DE #53). Plaintiff has filed a response in opposition (DE #59).

Plaintiff, an inmate incarcerated at the Wrightsville Unit of the Arkansas Department of Correction (ADC), filed this action pursuant to 42 U.S.C. § 1983, alleging an Eighth Amendment violation by defendant as a result of injuries plaintiff sustained in an automobile incident. Plaintiff seeks monetary relief from the defendant.

According to plaintiff's complaint, on November 8, 2006, plaintiff was transported from the Grimes Unit of the ADC by defendant, a Crittenden County deputy, for a court appearance. Plaintiff alleges he was handcuffed and shackled and placed in the back seat of the car without seatbelt restraints. He further alleges defendant traveled at speeds of 70-78 miles per hour while driving through a construction site, and talking on a cell phone. Plaintiff states defendant hit a construction barrel, swerved the car, and injured plaintiff by throwing him around in the back seat without protection from a seatbelt. Finally, plaintiff alleges he injured his head, back and neck in the incident.

In support of his motion to dismiss, defendant states plaintiff's complaint only states a claim of negligence against him, and such an action pursuant to § 1983 can not be maintained based on negligent conduct, citing Schweiker v. Gordon, 442 F.Supp. 1134 (E.D.Pa. 1977), and Daniels v. Williams, 106 S.Ct. 662 (1986). Defendant also states counties are immune from claims of negligence and as a county

employee performing his official duty, plaintiff also is immune from liability under Ark. Code Ann. § 21-9-301.

In his response, plaintiff states defendant acted with reckless disregard for his safety by placing him in the car in hand and foot restraints without a seatbelt, and by talking on a cell phone while driving at speeds of 70-78 mph through a construction zone. Plaintiff further states defendant knowingly disregarded his safety while transporting him.

In reviewing a motion to dismiss for failure to state a claim, the court must:

> review the complaint most favorably to the non-moving party and may dismiss "'only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations.'" A motion to dismiss should be granted "'as a practical matter ... only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" ... Civil rights pleadings should be construed liberally. ... At the very least, however, the complaint must contain facts which state a claim as a matter of law and must not be conclusory.

Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995). In order to state an Eighth Amendment claim for deliberate indifference, one must allege that officials knew of, yet disregarded, an excessive risk to the inmate's health or safety. Farmer v. Brennan, 114 S.Ct. 1979, 1979 (1994).

In Brown v. Missouri Department of Corrections, 353 F.3d 1038 (8th Cir. 2004), an inmate sued under § 1983 based on injuries he suffered in an accident while being transported to another correctional unit. Brown's amended complaint included allegations that he was shackled and handcuffed and placed in a van without a seat restraint. He also alleged defendants drove at speeds up to 70-75 mph and drove recklessly. The Court concluded that Brown stated a claim against the officers involved in transporting him because they refused to fasten his seatbelt. The Court cited Fruit v. Norris, 905 F.2d 1147, 1150 (8th Cir. 1990), where the court held prison officials violate the Eighth Amendment when they "intentionally place prisoners in dangerous situations or manifest deliberate indifference for their safety." Brown, 353 F.3d at 1040.

In this particular case, the Court finds that plaintiff's allegations that he was placed in the back seat in restraints and without a seatbelt, and that the defendant drove at speeds of 70-78 mph in a construction area while talking on his cell phone, are sufficient to state an Eighth Amendment claim for deliberate indifference to his health or safety. Therefore, the Court finds defendant's motion to dismiss should be denied. In addition, the Court finds defendant's argument concerning tort immunity to be inapplicable to this federal § 1983 action against him. Accordingly,

IT IS, THEREFORE, ORDERED that defendant's motion to dismiss (DE #53) is hereby DENIED.

IT IS SO ORDERED this 3rd day of June, 2009.

_/s/ Henry L. Jones, Jr._
United States Magistrate Judge